**FILED**
**U.S. District Court**
**District of Kansas**
04/23/2026
**Clerk, U.S. District Court**
By:_SND_**Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

JOSE DANIEL LAZOS,

     **Plaintiff,**

     v.                          **CASE NO.  26-3061-JWL**

JEFF EASTER, et al.,

     **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  At the time of filing, Plaintiff was in custody at the Sedgwick County Jail in Wichita, Kansas ("SCJ").  On March 23, 2026, the Court entered a Notice of Deficiency (Doc. 3) ("NOD") finding that Plaintiff's Complaint was not on the Court-approved form, and that he failed to either pay the filing fee or submit a motion for leave to proceed in forma pauperis.  (Doc. 3, at 1.)  The NOD ordered Plaintiff to cure the deficiencies.  The Court's NOD was mailed to Plaintiff at his current address of record and was returned to the Court as undeliverable with a notation that Plaintiff was no longer in custody.  (Doc. 4.)  On April 2, 2026, the Court entered an Order to Show Cause (Doc. 5) ("OSC") granting Plaintiff until April 22, 2026, to show good cause why this case should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).  The OSC was mailed to Plaintiff at the SCJ—his current address of record—and was also returned as undeliverable with a notation that Plaintiff was no longer in custody.  (Doc. 6.)

The Court noted in the OSC that the Court's Local Rules provide that "[e]ach attorney or pro se party must notify the clerk of any change of address or telephone number."    D. Kan. Rule 5.1(b)(3).  The Federal Rules of Civil Procedure provide that a paper is served by "mailing it

1

to the person's last known address—in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C). Plaintiff has failed to provide the Court with a Notice of Change of Address.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

Plaintiff has failed to provide the Court with a Notice of Change of Address and has failed to respond to the OSC by the Court's deadline.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed without prejudice** under Fed. R. Civ. P. 41(b).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Preliminary Injunction (Doc. 2) is **denied as moot.**

**IT IS SO ORDERED**.

**Dated April 23, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

2